# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **RANDOLPH EDWARD JERDAN,** ) | **CASE NO. 4:12CV3168** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| **BRUNS, Cpl., KELLY, Cpl, ALLEN,** ) | |
| **Cpl, REINKE, Sgt, LANSCHANSKY,** ) | |
| **Cpl, FRED BRITTEN, Warden, and** ) | |
| **ROBERT B. HOUSTON, Director,** ) | |
| ) | |
| **Defendants.** ) | |

This matter is before the court on Defendants' Motion to Dismiss. (Filing No. 14.) Also pending is Plaintiff's Motion for Recall of Mandate (Filing No. 23), Plaintiff's Motion for Discovery (Filing No. 25), and Defendants' Objection to Plaintiff's Motion for Discovery (Filing No. 26). As set forth below, Defendants' Motion to Dismiss is granted in part and denied in part, Defendants' Objection is granted, and Plaintiff's Motions are denied.

## I. MOTION TO DISMISS

On February 25, 2013, the court performed a detailed initial review of Plaintiff's Complaint. (Filing No. 12.) In that Memorandum and Order, the court liberally construed and analyzed each of Plaintiff's claims. (*Id.*) Although the court dismissed several of Plaintiff's claims, it also determined that Plaintiff had set forth enough allegations to "nudge" his Eighth Amendment claim against Bruns "across the line from conceivable to plausible," the same standard used to resolve a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6). (*Id.*) See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); see also *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."); Burke v. N.D. Dep't of Corr. & Rehab., 294 F.3d 1043, 1043-44 (8th Cir. 2002), (holding that a pro se complaint must be construed liberally). When liberally construed, Plaintiff also alleged state-law claims against Defendants. (Filing Nos. 1 and 12.) Because the court permitted Plaintiff's Eighth Amendment claim against Bruns, in his individual capacity, to proceed, it also let Plaintiff's state-law claims proceed. (*Id.*)

Rather than file an answer, Defendants chose to file a Motion to Dismiss. (Filing No. 14.) In their Brief, Defendants make several arguments for the dismissal of Plaintiff's claims. (Filing No. 15.) First, Defendants argue that Plaintiff's Complaint does not contain any specific allegation against Houston or Britten. (*Id*. at CM/ECF p. 4.) Defendants are correct; Plaintiff's Complaint does not explain how Britten and Houston are involved in his state-law claims. (Filing No. 1.) Accordingly, Plaintiff's state-law claims against Houston and Britten will be dismissed. See Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999) (concluding that a complaint was properly dismissed because plaintiff failed to allege facts supporting any individual defendant's personal involvement or responsibility for violations); *see* Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), (stating that a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged).

Second, Defendants argue that Plaintiff does not refer to Kelly, Laschansky, Reinke, and Allen with sufficient particularity and "merely lists all the Defendants['] names before the allegation of choking." (Filing No. 15 at CM/ECF pp. 3-4.) Contrary to Defendants' argument, however, Plaintiff's Complaint alleges "Cpl. Kelly, Cpl. Lachansky, Cpl. Allen, and Cpl. Reinke were present at the time of the beating and had a chance to stop it and

2

they failed."  (Filing No. 1 at CM/ECF pp. 10, 29.)  At this stage of the proceedings, and considering Plaintiff's pro se status, allegations of such inaction are sufficient to state a negligence claim.  *See, e.g., Putman v. Gerloff*, 639 F.2d 415, 423 (8th Cir. 1981), ("We believe it is clear that one who is given the badge of authority of a police officer may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his presence or otherwise within his knowledge.")

Next, Defendants argue they are immune from Plaintiff's assault and battery claims under the Nebraska State Tort Claims Act, Neb. Rev. Stat. § 81-8,209.  (Filing No. 15 at CM/ECF p. 4.)  The Nebraska Tort Claims Act provides that the "State of Nebraska shall not be liable for the torts of its officers, agents, or employees, and no suit shall be maintained against the state, any state agency, or any employee of the state on any tort claim except to the extent, and only to the extent, provided by the State Tort Claims Act."  Neb. Rev. Stat. § 81-8,209.  Section § 81-8,219(4) further provides that the State Tort Claims Act shall not apply to claims "arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." Neb. Rev. Stat. § 81-8,219(4).  Moreover, the Nebraska courts have held that the requirements of the State Tort Claims Act apply where an individual is sued in his or her individual capacity and that individual is acting within the scope of employment.  *See Bokjanski v. Foley*, 798 N.W.2d 134, 143-44 (Neb. App. 2011).

Here, Plaintiff alleges Bruns "assault[ed]" him and punched him in the face three times.  (Filing No. 1 at CM/ECF pp. 6-7.)  Because of these acts, Plaintiff requests monetary damages against "Cpl. Bruns."  (*Id*. at CM/ECF p. 10.)  In contrast, Plaintiff requests monetary damages against "Kelly, Allen, Lashansky, [and] Reinke" for their failure

3

to "intervene[]" or "stop" Bruns from assaulting him. (*Id*.) Because Plaintiff's allegations of assault and battery, and his requests for relief with regard to these claims, pertain to Bruns, the court will address Defendants' arguments that they are immune from Plaintiff's assault and battery claims only as they pertain to Bruns.

Assault and battery, by their very nature, are the sort of claims that, if proven, would occur outside the scope of public employment. *See Beverly ex rel. Beverly v. Casey*, No. 8:05CV393, 2006 WL 298810, at *3 n.5 (D. Neb. Feb. 6, 2006), (concluding tort-based claims against individual defendants in their individual capacities, arising out of assault and battery, are not subject to the provisions of the Nebraska Political Subdivisions Tort Claims Act, nor are they barred by sovereign immunity). Thus, Defendants' Motion to Dismiss is denied with regard to Plaintiff's assault and battery claims against Bruns in his individual capacity.

In short, Plaintiff has set forth sufficient facts to nudge his negligence claims against Bruns, Kelly, Lachansky, Allen, and Reinke, and as his assault and battery claims against Bruns, across the line from conceivable to plausible. While Plaintiff's claims may not ultimately withstand a motion for summary judgment, they are enough to withstand the pending Motion to Dismiss.

## II. MOTION FOR RECALL OF MANDATE

Also pending is Plaintiff's Motion for Recall of Mandate. (Filing No. 23.) In this Motion, Plaintiff asks the court to "recall the Mandate from Case No. 4:12CV3168, from Johnson District Court." (*Id*.) Even when liberally construed, it is unclear what relief Plaintiff is requesting because a mandate has not issued in this case, which is the case Plaintiff has identified by number. Plaintiff may be asking this court to review a state court

4

decision because he mentions "Johnson District Court." (*Id*.) However, such a request is barred by the *Rooker-Feldman* doctrine, which prohibits lower federal courts from exercising appellate review of state court judgments. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416 (1923); *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 482 (1983). In fact, federal district courts do not have jurisdiction "over challenges to state-court decisions . . . even if those challenges allege that the state court's action was unconstitutional." *Feldman,* 460 U.S. at 486; *see also Ballinger v. Culotta,* 322 F.3d 546, 548-49 (8th Cir. 2003), (dismissing claims under *Rooker-Feldman* doctrine where the relief requested in the complaint would effectively reverse or undermine the state court decision or void its ruling and noting that "[f]ederal district courts thus may not 'exercis[e] jurisdiction over general constitutional claims that are 'inextricably intertwined' with specific claims already adjudicated in state court'" (citation omitted)). Accordingly, Plaintiff's Motion for Recall of Mandate is denied.

### III.  MOTION FOR DISCOVERY AND DEFENDANTS' OBJECTION

On August 14, 2013, Plaintiff filed a Motion for Discovery. (Filing No. 25.) In his Motion, Plaintiff asks the court to order Defendants to produce pictures of injuries, incident reports, medical records, and a witness list. (*Id*.) Defendants have filed an Objection, arguing that Plaintiff's Motion does not comply with Federal Rule of Civil Procedure 37(a)(1). This Rule requires a party seeking to compel disclosure of discovery to certify that they "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The court agrees with Defendants, as "this court only considers a discovery motion in which the moving party, in the written motion, shows that after personal

5

consultation with opposing parties and sincere attempts to resolve differences, the parties cannot reach an accord." NECivR 7.1(i).  Accordingly, Plaintiff's Motion for Discovery is denied and Defendants' Objection is granted.

IT IS THEREFORE ORDERED that:

1. Defendant's Motion to Dismiss (Filing No. 14) is granted in part and denied in part in accordance with this Memorandum and Order;

2. Plaintiff's state-law claims against Houston and Britten are dismissed;

3. Plaintiff's Objection to Defendant's Motion for Discovery (Filing No. 26) is granted;

4. Plaintiff's Motion for Recall of Mandate (Filing No. 23) and Motion for Discovery (Filing No. 25) are denied;

5. In accordance with Federal Rule of Civil Procedure 12(a)(4)(A), Defendant shall file its answer no later than 14 days from the date of this Memorandum and Order; and

6. A separate progression order will be entered progressing this matter to final disposition.

DATED this 23rd day of September, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.